UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

DEJON PITCHFORD

Case No. 1:19-cr-00101-TWP-MJD-1

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cr-00101-TWP-MJD-1 |
| | ) | |
| DEJON PITCHFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant Dejon Pitchford's ("Pitchford") Motion Seeking Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A).[1]  (Dkt. 133.)  For the reasons explained below, his motion is **denied**.

## I.    BACKGROUND

In September 2020, Pitchford pled guilty without a plea agreement to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  (Dkt. 88, 96.)  On February 12, 2019, Pitchford entered a branch of Huntington Bank in Indianapolis, Indiana along with another individual.  (Dkt. 89 at 1, 2.)  Armed with a firearm, Pitchford and his co-conspirator demanded money from the tellers.  *Id.*  The tellers complied and gave cash, along with a red dye pack designed to explode several seconds after being taking outside the bank, to Pitchford and his co-conspirator.  *Id.* at 2.  Pitchford exited the bank and attempted to flee from law enforcement, who had been nearby as the robbery occurred.  *Id.* at 1.  After a chase, law enforcement apprehended Pitchford and located red

---

[1] The Court construes Pitchford's motion to include requests for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and for a sentence reduction under 18 U.S.C. § 3582(c)(2) (Dkt. 132). To facilitate clarity in the docket, the motion has been docketed twice, once for each avenue of relief (Dkts. 124, 133).  The Court has addressed the request under 18 U.S.C. § 3582(c)(2) in a separate order (Dkt. 135).

dye-stained money in his vehicle. *Id.* 1, 2. He committed the instant offense less than a month after being discharged from parole on another robbery conviction.

His status as a career offender increased his total offense level from 21 to 29, so his guideline provisions were 151-188 months imprisonment. (Dkt. 86 at 19.)  He received a downward variance and was sentenced to 140 months of imprisonment followed by 3 years of supervised release.  (Dkt. 96 at 2, 3.)  The Bureau of Prisons ("BOP") currently reports Pitchford's anticipated release date (with good-conduct time included) as November 13, 2029. https://www.bop.gov/inmateloc/ (last visited June 21, 2024). In his *pro se* motion for compassionate release (Dkt. 133), Pitchford argues that because a change in the law has created a disparity between the sentence he is serving and the sentence he would receive today he has established an extraordinary and compelling reason for compassionate release. *Id.*

The Government filed a response in opposition to this motion as well as his request for relief under 18 U.S.C. § 3582(c)(2) (Dkt. 131).  The Government asserts first that the sentencing commissions policy statement in § 1B1.13(b)(6), is unreasonable and therefore invalid. *Id.*  And because "the discretionary sentencing reduction authority conferred by § 3582(c)(1)(A) does not permit—without a district court finding some independent 'extraordinary or compelling' reason— the reduction of sentences lawfully imposed" a nonretroactive change in sentencing law does not allow the trial court to reduce Pitchford's sentence. *Id.* at 2. The Government also asserts that assuming § 1B1.13(b)(6) is proper authority, Pitchford has not exhausted his administrative remedies, nor has he "served at least 10 years of [his] term of imprisonment" as required under U.S.S.G. § 1B1.13(b)(6). *Id.* at 15-16.

Pitchford did not file a reply brief in support of his motion and the time for doing so has passed.  (*See* Dkt. 134.)

## II.   <u>DISCUSSION</u>

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c).  Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction."  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).  On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release.  *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Section 3582(c)(1)(A) includes an administrative exhaustion provision, which states that a court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked."  *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).  The Seventh Circuit has held that "in order properly to exhaust, an inmate is required to present the same or similar

ground[s] for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). A primary purpose of the exhaustion requirement is to provide notice to the Warden of the defendant's claims. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (evaluating an exhaustion defense in a § 1983 claim) ("Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement.").

The Government has affirmatively invoked the defense of exhaustion arguing that Pitchford had not petitioned his Warden for release. (Dkt. 131 at 15.) Pitchford has not claimed that he petitioned the Warden of his facility for his compassionate release prior to filing the instant motion. (*See* Dkt. 133.) For this reason, the Court agrees that Pitchford has not properly exhausted administrative remedies, and his motion must be **denied**.

Even if he had properly exhausted administrative remedies, Pitchford has not met his burden to show that an extraordinary and compelling reason for his release exists. He contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Specifically, he argues that his guidelines range would be lower today because he would no longer be considered a "career offender" under the guidelines. (Dkt. 133.)

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that a non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that a district court cannot consider such

a change, whether alone or in combination with any other factor, when determining whether a

defendant has established extraordinary and compelling reasons potentially warranting a sentence

reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C.
> § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely
> on non-retroactive statutory changes or new judicial decisions.... *There's nothing
> "extraordinary" about new statutes or caselaw*, or a contention that the sentencing
> judge erred in applying the Guidelines; these are the ordinary business of the legal
> system, and their consequences should be addressed by direct appeal or collateral
> review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also*

*United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39

F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law

or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for

a sentence reduction")).  Under the *Thacker* line of cases, any potential sentencing disparity clearly

does not qualify as an extraordinary and compelling reason potentially warranting a sentence

reduction, and the Court would abuse its discretion were it to find otherwise.

   The Court recognizes that, effective November 1, 2023, the United States Sentencing

Commission amended the Guidelines Manual to identify several new circumstances as

"extraordinary and compelling" reasons potentially warranting compassionate release. *See*

https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023

(last visited June 21, 2024).  One such new circumstance is related to defendants who received an

"unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years
> of the term of imprisonment, a change in the law (other than an amendment to the
> Guidelines Manual that has not been made retroactive) may be considered in
> determining whether the defendant presents an extraordinary and compelling
> reason, but only where such change would produce a gross disparity between the

sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Pitchford's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Pitchford has not yet served 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For these reasons, the Court finds that Pitchford has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason. This is the only argued extraordinary and compelling reason for release, and the motion must be **denied**.

### III.   CONCLUSION

For the reasons stated above, Pitchford's motion for compassionate release, Dkt. [133], is **DENIED**.

**SO ORDERED.**

Date:  6/25/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

7

DISTRIBUTION:

Dejon Pitchford, #16924-028
USP Tucson
U.S. PENITENTIARY
P.O. Box 24550
Tucson, Arizona  85734

Colin Clark
UNITED STATES ATTORNEY'S OFFICE
colin.clark@usdoj.gov